*OFFICE OF THE CHAPTER 13 STANDING TRUSTEE*
**Andrew B. Finberg, Chapter 13 Standing Trustee**
**Cherry Tree Corporate Center**
**535 Route 38, Suite 580**
**Cherry Hill, NJ 08002**
**(856) 663-5002**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**(Camden)**

| | |
|---|---|
| **IN RE:** | Proceedings in Chapter 13 |
| | Case No. 24-22074 (JNP) |
| **MAREKA YNEZ LAMBO** | *CERTIFICATION IN SUPPORT OF ORDER DISMISSING CASE* |
| **Debtor(s).** | |

I, Andrew B. Finberg, Chapter 13 Standing Trustee, am authorized to make this certification.

1. I Andrew B. Finberg, Chapter 13 Standing Trustee for Region 3 pursuant to an order entered by the Office of the United States Trustee, United States Department of Justice.

2. I am personally familiar with the matters set forth herein and I am qualified to testify about them.

3. This Court has exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 11 U.S.C. § 105.

4. Debtor filed a Chapter 7 Petition on December 9, 2024, with the assistance of Andrew K. DeHeer, Esquire.

5. The Court entered an Order Converting Debtor's Case to Chapter 13 on April 8,

2025.

6. Debtor filed a Chapter 13 Plan on May 27, 2025, proposing payment of $100 for thirty-six (36) months to pay pro rata dividend to the unsecured creditors who timely filed a proof of claim. The plan further proposes loan modification by July 15, 2025.

7. Debtor appeared at the Section 341(a) Meeting on July 24, 2025.

8. At the third listing for confirmation held on September 17, 2025, the Trustee recommends peremptory adjournment to November 19, 2025.

9. On September 19, 2025, a Final Adjournment Order was entered by the Court. The Order required the Debtor to provide proof of service of amended Schedule H; amend Schedule C; amend Schedule I/J to prove feasibility; submit copy of CMA; provide proof of Loan Modification Application and proof of post-petition mortgage payments; proof of income from co-owners; and file PCC.

10. Pursuant to the October 2, 2025, Order, if the Debtor failed to comply with the terms of the Order or failed to file an opposition with the Court seven (7) days prior to the Final Adjournment Date, the Trustee may file a Certification of Non-Compliance dismissing the case.

11. Debtor failed to file an opposition to the Final Adjournment Order. Debtor has not addressed any of the items listed in the Final Adjournment Order.

12. Contemporaneously with the filing of this Certification, the Trustee is electronically submitting a proposed Order Dismissing Case for the Court's consideration.

I certify that the foregoing statements made by me are true.   I am aware that if any of the foregoing statements made by me is willfully false, I am subject to punishment.

Dated: November 13, 2025                              By:   /s/ *Andrew B. Finberg*
                                                                              Andrew B. Finberg,
                                                                              Chapter 13 Standing Trustee