UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Andrew K. de Heer/010492007
ANDREW K. DE HEER, ESQUIRE
7209 Lancaster Pike
Suite 4- 1181
Hockessin, DE 19707
(856) 345-4911 – telephone
(800) 848-9286 – facsimile
deheer.esq@gmail.com
Attorney for Debtor, Mareka Ynez Lambo

In Re:

    MAREKA YNEZ LAMBO,
                  Debtor,

Case No.: 24-22074/JNP

Judge: Jerrold N. Puslusny, Jr.

Chapter: 13

**CERTIFICATION OF COUNSEL IN SUPPORT OF DEBTOR'S OPPOSITION TO CHAPTER 13 TRUSTEE'S MOTION TO DISMISS OR, ALTERNATIVELY, <u>CONVERT TO CHAPTER 7</u>.**

    I, Andrew K. de Heer, Esquire, being of full age and of sound and discerning mind, hereby certify as follows pursuant to 28 *U.S.C.* § 1746, *Fed. R. Bankr. P*. 9014, and *D.N.J. LBR* 9014-1:

1. I am counsel for the Debtor, Mareka Ynez Lambo.
2. I am fully familiar with the facts and procedural history of this case based upon my personal knowledge, review of the docket, communications with the Debtor, and documents maintained in my file.

<u>JURISDICTION AND VENUE</u>

1

3. The Court has jurisdiction over this matter pursuant to 28 *U.S.C. Sections* 157 and 1334.

4. This is a core proceeding pursuant to 28 *U.S.C. Section* 157(b)(2).

5. Venue is proper in this district pursuant to 28 *U.S.C. Sections* 1408 and 1409.

## BACKGROUND

6. Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (hereinafter, "this Filing") on December 3, 2024.

7. The Debtor jointly owns real property located at 284 Deerfield Drive, Mays Landing, New Jersey 08330 (the "Property"), which is encumbered by a mortgage held by United Wholesale Mortgage.

8. The Debtor filed a voluntary petition for relief under Chapter 7 on December 9, 2024. By Order of this Court entered April 8, 2025, the case was converted to Chapter 13 pursuant to 11 *U.S.C.* § 706(a).

9. On May 27, 2025, the Debtor filed a proposed Chapter 13 Plan in accordance with 11 *U.S.C.* § 1321 and *D.N.J. LBR* 3015-1.

10. The Debtor appeared at the Meeting of Creditors pursuant to 11 *U.S.C.* § 341(a) on July 24, 2025.

11. On September 19, 2025, the Court entered a Final Adjournment Order requiring amended schedules, income documentation, proof of loan modification efforts, and filing of the Personal Financial Management Certificate.

## STATEMENT AS TO WHY NO BRIEF IS NECESSARY

12. As the relief sought is based on the clear statutory right of the Debtor to convert her case under 11 *U.S.C. Section* 706(a), and no novel or complex issues of law are presented, Debtor respectfully submits that no brief is necessary pursuant to *D.N.J. LBR* 9013-2.

## LEGAL BASIS FOR RELIEF

13. The Debtor has acted in good faith and has substantially complied with the Final Adjournment Order.

14. Any delay in compliance was attributable to third-party lender processing delays and constitutes excusable neglect.

15. Dismissal or conversion under 11 *U.S.C.* § 1307(c) and *D.N.J. LBR* 1017-2 is not warranted.

16. Conversion to Chapter 7 would prejudice the Debtor and frustrate the rehabilitative purpose of Chapter 13.

17. The Debtor has made plan payments and cooperated fully with the Trustee.

18. This Certification is submitted in support of denial of the Trustee's Motion.

**WHEREFORE**, Debtor respectfully requests that this Court enter an Order:

i. Denying the Trustee's Motion to Convert the Debtor's Chapter 13 case to a case under Chapter 7 of the Bankruptcy Code;

ii. Authorizing the Debtor to proceed to confirmation of this case; and

iii. Granting such other and further relief as the Court deems just and proper.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Date: January 6, 2026

Respectfully submitted,
ANDREW K. DE HEER, ESQUIRE
By: /s/Andrew K. de Heer
Andrew K. de Heer

3