UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**Office of the Chapter 13 Standing Trustee
Andrew B. Finberg, Esquire
535 Route 38, Suite 580
Cherry Hill, NJ  08002
(856) 663-5002**

Order Filed on July 2, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In Re: | Case No.:  24-22074 |
| | Hearing Date:  7/1/2026 |
| MAREKA YNEZ LAMBO | Judge:  JNP |
| | Chapter:  13 |

## FINAL ADJOURNMENT DATE ORDER

The relief set forth on the following page, numbered 2 through _3___, is hereby

**ORDERED**.

**DATED: July 2, 2026**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

The matter having come before the Court at a 4th listing for confirmation and under 11 U.S.C. §§ 1302(b) and 704(a)(4) the Chapter 13 Trustee has a duty to investigate the financial affairs of a debtor and determine whether a Chapter 13 Plan is, among other things, filed in good faith and feasible in accordance with 11 U.S.C. §1325(a); and

In order to fulfill those duties, the Chapter 13 Trustee must conduct a 341 Meeting of Creditors, a debtor must attend that meeting under 11 U.S.C. § 343, and prior to that meeting a debtor must produce requested documents in order for a substantive meeting to be conducted. Finally, 11 U.S.C. §§ 521(a)(3)-(4) requires a debtor to cooperate with and provide documents to the Trustee in the performance of his duties. Fed. R. Bankr. P. 4002 requires a debtor to attend examinations and provide documentation to the Trustee. 11 U.S.C. § 1322(a)(1) requires a debtor in a Chapter 13 case to make plan payments; and

As set forth on the record on __July 1, 2026_____ it being demonstrated that the Debtor has failed to comply with the above requirements and therefore, for good cause shown,

**IT IS ORDERED** that confirmation shall be given a final adjournment to August 5, 2026_____(the Final Adjournment Date).

**IT IS FURTHER ORDERED** that the Debtor shall comply with their duties by providing the Chapter 13 Trustee with the following items seven (7) days prior to the Final Adjournment Date:

1. File a Modified Plan
2. Amended Schedule J
3. Amend Schedule C

**IT IS FURTHER ORDERED** that if the Debtor fails to comply with this Order, the case may be dismissed upon the filing of a certification of default and proposed order by the Trustee and the Court may enter that proposed order prior to the Final Adjournment Date of the confirmation hearing without any further notice.

**IT IS FURTHER ORDERED** that opposition to the relief set forth in this Order or to dismissal of the case will require a Certification of the Debtor in support of said Opposition seven (7) days prior to prior to the Final Adjournment Date. Counsel for the Debtor and the Debtor must appear in person on the Final Adjournment Date to prosecute any Opposition with the failure to do so results in the dismissal of the case without any further notice.

**IT IS FURTHER ORDERED** that the Chapter 13 Trustee may request that the Court impose remedies under 11 U.S.C. §§ 109(g) and 105 in any dismissal order failing to comply with this Order.

*rev. 1/22/25*

United States Bankruptcy Court

District of New Jersey

In re:                                                                                          Case No. 24-22074-JNP

MAREKA YNEZ LAMBO                                                                Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

| District/off: 0312-1 | User: admin | Page 1 of 1 |
|---|---|---|
| Date Rcvd: Jul 02, 2026 | Form ID: pdf903 | Total Noticed: 1 |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 04, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | MAREKA YNEZ LAMBO, 284 DEERFIELD DRIVE, MAYS LANDING, NJ 08330-4924 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 04, 2026                            Signature:        /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 2, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Andrew B Finberg | courtmail@standingtrustee.com  ecf.mail_9022@mg.bkdocs.us |
| Andrew B Finberg | on behalf of Trustee Andrew B Finberg courtmail@standingtrustee.com  ecf.mail_9022@mg.bkdocs.us |
| Andrew K. de Heer | on behalf of Debtor MAREKA YNEZ LAMBO deheer.esq@gmail.com |
| Matthew K. Fissel | on behalf of Creditor UNITED WHOLESALE MORTGAGE  LLC. bkgroup@kmllawgroup.com, matthew.fissel@brockandscott.com |
| Matthew K. Fissel | on behalf of Loss Mitigation United Wholesale Mortgage  LLC bkgroup@kmllawgroup.com, matthew.fissel@brockandscott.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |

TOTAL: 6